"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT TOMBOC, | Case No. CV 04-4864 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act").  Both parties have consented to proceed before the undersigned Magistrate Judge.  Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The relevant background facts are familiar to both parties.  Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below.

/ / /

In the JS, Plaintiff raises the following issues: (1) the Administrative Law Judge ("ALJ") erred by rejecting the opinions of Plaintiff's treating and examining doctors; (2) the ALJ's assessment of Plaintiff's residual functional capacity is not supported by substantial evidence; (3) the vocational expert's testimony does not provide adequate support for the denial of benefits; (4) the ALJ improperly rejected Plaintiff's credibility; and (5) the ALJ impermissibly relied on material outside of the record. The Commissioner disagrees.

Plaintiff's argument that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Plaintiff's examining doctor, psychiatrist Alfred Bloch, M.D., is persuasive. [JS at 26-30, 32-34.] In June 1997, Dr. Bloch and psychologist John Dobbs, Ph.D. conducted a psychiatric evaluation of Plaintiff. [AR at 434-50.] Dr. Bloch diagnosed Plaintiff with depressive disorder, NOS and pain disorder associated with both psychological factors and a general medical condition. [AR at 442-43.] Dr. Bloch explained that Plaintiff would have a limited energy level, restrictions in his ability to engage in goal directed activities, and problems in focusing on tasks at hand and performing autonomous work activities. [AR at 445.] In addition, Dr. Bloch assessed the following limitations: very slight to slight impairment in the ability to comprehend and follow instructions; minimal impairment in the ability to perform simple and repetitive tasks; and slight impairment in the ability to maintain an appropriate work pace, perform complex or varied tasks, relate to other people beyond giving and receiving instructions, influence other people, make generalizations, evaluations or decisions without immediate supervision, and accept and carry out responsibility for direction, control and planning. [AR at 445-47.] Dr. Bloch concluded that Plaintiff had been temporarily totally disabled from his usual employment as a grocery store stock clerk since January 1994. [AR at 445.]

In March 1999, Dr. Bloch, with the assistance of psychologist Michele Krynski, Ph.D., conducted a re-evaluation of Plaintiff. [AR at 566-78.] Dr. Bloch found that Plaintiff's depression had significantly increased. [AR at 573.] Plaintiff's test results

1    also suggested an increase in symptomatology.  [AR at 572-73.]  Although Plaintiff's

2    Minnesota Multiphasic Personality Inventory ("MMPI") results were of "doubtful

3    validity," Dr. Bloch noted the results were consistent with Plaintiff's presentation and

4    diagnosis of pain disorder associated with both psychological factors and a general

5    medical condition.  [AR at 571-73.] Dr. Bloch also reviewed a report dated February 17,

6    1999, from Melvin R. Stoltz, M.D., an Agreed Medical Examiner in Orthopedic Surgery.

7    [AR at 569.]  Dr. Stoltz reported that Plaintiff's lower back condition had gradually

8    deteriorated since his last exam in June 1996, and that Plaintiff was precluded from

9    performing heavy work.  [AR at 569.]  Dr. Bloch noted that an increase in the severity

10    of Plaintiff's back condition was consistent with the exacerbation of Plaintiff's

11    psychiatric problems.   [AR at 573.]   Dr. Bloch found that Plaintiff's psychiatric

12    impairment would interfere with his ability to:  interact effectively with coworkers,

13    supervisors and the public; follow instructions accurately and efficiently; focus on tasks

14    at hand; and work efficiently and productively. [AR at 574.] Dr. Bloch also assessed the

15    following limitations: slight impairment in the ability to perform simple and repetitive

16    tasks, and slight to slight-to-moderate impairments in the ability to comprehend and

17    follow instructions, maintain an appropriate work pace, perform complex or varied tasks,

18    relate to other people beyond giving and receiving instructions, influence other people,

19    make generalizations, evaluations or decisions without immediate supervision, and accept

20    and carry out responsibility for direction, control and planning.  [AR at 574-76.]  Dr.

21    Bloch concluded that Plaintiff had been temporarily totally disabled from his usual

22    employment on a combined orthopedic and psychiatric basis since January 1994. [AR

23    at 574.]

24         The ALJ discounted Dr. Bloch's opinion as set forth in his March 1999 report, but

25    failed to provide specific, legitimate reasons for doing so.[1]  [AR at 329-30]; *Lester v.*

26    *Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996)(holding that an ALJ may reject the opinion

27

28    [1]    The ALJ did not provide any reasons for rejecting Dr. Bloch's opinion as stated in his June 1997 report.

Page 3

of an examining physician if the ALJ provides specific and legitimate reasons that are based on substantial evidence in the record); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)(same). For example, the ALJ criticized Plaintiff for failing to seek mental health treatment despite the recommendations of his doctors. [AR at 329.] However, claimants suffering from mental impairments should not be chastised for failing to seek treatment because their judgment is questionable. *See, e.g., Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996). Next, the ALJ noted that an examining psychiatrist, Dr. Frazier, and an examining psychologist, Dr. Greils, "did not find any medically determinable mental impairments and presumably did not find any work restrictions." [AR at 329.] While Dr. Frazier's and Dr. Greil's opinions as examining physicians may have constituted substantial evidence if they were based on independent, clinical findings, *see Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995), their report is not included in the record. [AR at 328.] Moreover, Dr. Frazier and Dr. Greils had not been able to conduct a complete psychiatric evaluation of Plaintiff. [AR at 328.] The ALJ also noted that progress notes from one of Plaintiff's treating physicians, Arthur Lew, M.D., did not indicate that Plaintiff "had any serious psychiatric/psychological problems." [AR at 329.] However, Dr. Lew did note that Plaintiff suffered from depression and a depressed mood in a residual functional capacity questionnaire. [AR at 644.] The ALJ also faults Dr. Bloch for reporting Plaintiff's complaint that his "sex life is gone" because there is evidence in the record that his "sex life was fine with Viagra." [AR at 329.] While the record supports the ALJ's conclusion about Plaintiff's success using Viagra, Plaintiff informed Dr. Bloch that he could not afford to pay for it. [AR at 568]; *see Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)(indicating that inability to afford treatment is a "good reason" for not obtaining it). The ALJ further found that Dr. Bloch should not have accepted Plaintiff's allegations of poor concentration and forgetfulness without performing formal testing of memory. [AR at 329-30.] Contrary to the ALJ's contention, Dr. Bloch administered a mental status examination in June 1997, which included testing of cognitive functioning and memory. [AR at 440.] In addition, Dr. Bloch based his

1  findings on Plaintiff's history and clinical findings.  [AR at 572.]

2      The ALJ also criticized Dr. Bloch's reference to Dr. Stoltz's February 1999
3  opinion that Plaintiff's low back condition had deteriorated.  [AR at 329, 569.]  The ALJ
4  contends that Dr. Bloch relied on Dr. Stoltz's report "to substantiate the [Plaintiff's]
5  allegation that his back pain had become worse and therefore his mental condition had
6  become worse." [AR at 329.]  In an effort to discredit Dr. Stoltz's findings, the ALJ cites
7  the opinions of Plaintiff's treating physicians, Leon Brooks, M.D. and Tina Yang, M.D.
8  [AR at 329.]  Both Dr. Brooks and Dr. Yang had, at one time, found Plaintiff to be
9  limited to less than sedentary work.  [AR at 231, 323-24, 327, 329, 455-56.]  The ALJ
10 asserted that Dr. Brook's opinion "indicates that the [Plaintiff's] back condition was
11 actually getting better and not worse, if one uses the logic of Dr. Bloch." [AR at 329.]
12 Dr. Yang's report, according to the ALJ, substantiated "a rather mild back condition and
13 no complaints regarding the neck, arms, or legs." [AR at 329.]  The ALJ, however,
14 expressly rejected both Dr. Brook's and Dr. Yang's opinions. [AR 327.] Thus, the ALJ's
15 reliance on their opinions to support rejection of Dr. Stoltz's findings is improper.
16 Moreover, Dr. Stoltz's report is not even included in the record.  Thus, the ALJ's
17 criticism of Dr. Stoltz's opinion is not based on substantial evidence and does not provide
18 an adequate basis for rejecting Dr. Bloch's opinion.[2/]

19 / / /

20 / / /

21  / / /

22

23

---

24    [2/]    Because the ALJ improperly rejected Dr. Bloch's opinion, and the record is not
25 sufficiently developed to support a determination of disability without further
   proceedings, the Court will not decide whether the remaining issues raised by Plaintiff
26 would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16
   (9th Cir. 2003)(remanding for reconsideration where, *inter alia*, ALJ "failed to provide
27 adequate reasons for rejecting the opinion of the treating physicians" and "did not
   properly reject [the claimant's] subjective complaints").  The Court recommends,
28 however, that the ALJ consider all of Plaintiff's arguments when determining the merits
   of his case on remand.

Page 5

1

**III.  CONCLUSION**

2          For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's

3   claims for benefits is not free of legal error and supported by substantial evidence.

4   Accordingly, Plaintiff's request for an order remanding this case for further proceedings

5   pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's

6   request for an order affirming the Commissioner's final decision and dismissing the

7   action is DENIED.   The clerk shall enter judgment, close the file and terminate all

8   pending motions.

9

10  DATED:        December 28, 2005          /s/ Arthur Nakazato

                                             ARTHUR NAKAZATO
11                                           UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28