"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GILBERT TOMBOC, | Case No.  CV 04-04864 AN |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER RE PLAINTIFF'S MOTION FOR EAJA FEES |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

## I.  BACKGROUND

Before the Court is Plaintiff's motion for attorney's fees ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the Commissioner's opposition to the Motion, and Plaintiff's Reply.  Plaintiff seeks EAJA fees in the total amount of $6,644.13. [Motion at 2].

## II.  DISCUSSION

Under the EAJA, a prevailing claimant is entitled to recover reasonable attorney fees unless the government meets its burden of demonstrating that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).  The government's position must be substantially justified at each stage of the

1   proceedings. *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). Whether the
2   government's position was substantially justified is determined under a reasonableness
3   standard – whether the government's position had a reasonable basis in both law and fact.
4   *Pierce v Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541 (1988); *Flores v. Shalala*, 49
5   F.3d 562, 569-570 (9th Cir. 1995).

6       In her opposition, the Commissioner does not contend that her position was
7   substantially justified or that special circumstances make an award unjust. Instead, she
8   simply challenges the amount of the fees requested. Accordingly, the Court will proceed
9   with determining what amount of EAJA fees are reasonable and should be awarded.

10      **1.      Hourly Rates**

11      The $125 hourly rate for attorneys that is statutorily authorized under 28 U.S.C.
12  § 2412(d)(2)(A)(ii) may be adjusted upward to reflect a cost-of-living adjustment
13  ("COLA") due to inflation. *Patterson v. Apfel*, 99 F.Supp. 2d 1212, 1215 (C.D. Cal.
14  2000). The COLA for the year in which the fees were earned is calculated using a
15  formula that is based upon the Consumer Price Index[1] (the "CPI"). *Sorensen v. Mink*,
16  239 F.3d 1140, 1149 (9th Cir. 2001). Plaintiff's counsel did not include a copy of the
17  CPI, commonly attached to such motions to justify an increase in the statutory rate.[2]

18      Plaintiff's Motion and Reply reflect that his counsel seeks fees and costs for
19  services that were rendered for the calendar years of 2004, 2005, and 2006, respectively,
20  and that the amount of requested fees for attorney services is $6,644.13, representing
21  41hours of work before the Court, calculated as follows: "[c]ompensation of 7.5 hours
22
23  _____

24      [1]
        The CPI is published on a monthly basis, with a multiplier for each month, as well
25  as an annualized multiplier for each year. The CPI is used to adjust rates and account for
    changes in the cost of living.
26
27      [2]
28      The Court will use the "Consumer Price Index- All Urban Consumers, U.S. City
    Average, All Items" which is available through the www.bls.gov website.

1  of attorney time in 2004 at $154.25 per hour, and 26.5 hours in the year 2005 at $157.53

2  per hour, plus 3.5 hours at $157.53 per hour (a figure representing 3.5 hours to prepare

3  this motion) plus cost for court filing fees of $150.00, and parking fees and paralegal time

4  of $60.00 (representing three trips to the district court) totals $6,092.78.  If counsel needs

5  to respond with a reply brief, counsel requests an additional $551.35 (3.5 hours

6  preparation of opposition and reply at $157.53 per hour), for a total of $6644.13."

7  [Motion, Memorandum of Points and Authorities ("P&A")at 4].

8          "[T]he EAJA set a maximum fee of $75 per hour, which was increased by

9  amendment in 1996 to $125 per hour for cases commenced on or after March 29, 1996.

10 District courts have been determining the cost-of-living adjustment by multiplying the

11 basic EAJA rate by the current consumer price index for urban consumers (CPI-U), and

12 then dividing the product by the CPI-U in the month that the cap was imposed (October

13 1981 for pre-amendment cases, March 1996 for post-amendment cases)."  *Id.* at 1148.

14 Further, a party seeking EAJA attorney's fees with a cost-of-living adjustment must

15 utilize the adjustment pertinent to the year in which the work was actually performed.

16 *Id.* at 1149.  Therefore, the Court must consider rates based upon CPI-adjusted hourly

17 rates of $151.65 (2004), $156.79 (2005), and $160.40 (2006) for attorney services

18 provided in these respective years.  The proper formula to calculate the CPI-adjusted

19 hourly rates for the years in question begins with the statutory EAJA fee amount set in

20 March 1996.  The $125 statutory amount is then adjusted according to the following

21 formula: $125 per hour (where $125 reflects the current statutory amount for fees) x

22 (service year CPI-U)/155.7 (where 155.7 equals the CPI-U of March 1996).  The adjusted

23 EAJA fee rate for 2004 is $151.65 (125 x 188.90/155.7).  The adjusted rate for 2005 is

24 $156.79 (125 x 195.30/155.7), and the adjusted rate for 2006 is $160.40 (125 x

25 199.8/155.7).

26      **2.     Amount of Time**

27          Fee shifting statutes like the EAJA encourage competent, experienced attorneys

28 to accept  cases that they otherwise would not by assuring recovery of a reasonable fee.

Page 3

However, a reasonable fee should be awarded based upon factors that include, but are not limited to, the complexity of the case or the novelty of the issues, and the attorney's expertise and skill. *Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67, 69-70 (9th Cir. 1975). The amount of time reasonably billed for social security appeals varies depending on the complexity of the case, the experience of counsel, and the disposition of the appeal. *See Widrig v. Apfel,* 140 F.3d 1207, 1209 (9th Cir. 1998) (concluding that the district court did not abuse its discretion in reducing an award of attorney's fees in a social security appeal by considering *Kerr* factors and the attorney's insufficient support for his claimed hourly rate).

The Court finds that some of the 34.00 hours of attorney time was excessive under the circumstances. This case did not present any complex or novel issues, yet, according to the billing statement, Plaintiff's counsel spent 16.25 hours in 2005 to review the transcript and prepare his client's portion of the joint stipulation, much of which was unnecessary. The Court finds an attorney with the skills and experience of Plaintiff's counsel should have been able to digest the transcript and prepare a reasonable joint stipulation in 8.0 hours, not 16.25 hours, therefore, the 2005 attorney time is reduced by 8.25 hours.

The Court also finds Plaintiff's counsel did not advance good reason for a .25 minute telephone call with Plaintiff's ex-wife on November 16, 2005, therefore, the attorney time is reduced by .25.

Further, the Court finds that a reasonable amount of time for an experienced attorney to prepare the motion for EAJA fees and reply to the opposition to the motion is 2.5 hours, not 7 hours, therefore, the attorney time is reduced by 4.5 hours.

### 3. Costs

The Court concludes that Plaintiff's counsel reasonably and necessarily incurred litigation costs of $20.00 for mileage and parking for one trip to the courthouse for the filing of the initial complaint as reflected on Plaintiff's counsel's itemized statement. Further, the Court finds Plaintiff's counsel's request for filing fee expenses of $150.00

is reasonable in light of U.S.C. § 1920(1), and therefore, is granted.

**4.     Amount Awarded**

Based upon the foregoing, Plaintiff is awarded EAJA fees for attorney services calculated as follows:

| EAJA FEES - Attorney Time | | | |
|---|---|---|---|
| Year | CPU ADJ. Rate | Hours | Fee Amt. ($) |
| 2004 | 151.65 | 7.50 | 1137.38 |
| 2005 | 156.79 | 18.00 | 2822.22 |
| 2006 | 160.40 | 2.5 | 401.00 |
| costs | | | 170.00 |
| | | | |
| Total | | 28 | 4530.6 |

The total EAJA fees awarded to Plaintiff's counsel is $4,530.60.

## III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion is granted in part, and Plaintiff's counsel is awarded total EAJA fees of $4,530.60.


IT IS SO ORDERED.


DATED:  May 2, 2006                    /s/ Arthur Nakazato
                                       ARTHUR NAKAZATO
                                       UNITED STATES MAGISTRATE JUDGE